Good morning and may it please the court. My name is Kristen Fritz and I represent the appellant Teton Global Investments. I'm gonna watch the time here today but I would like to reserve about five minutes for my rebuttal. I'll also try to help you watch the clock. Much appreciated Justice McKeown. So in this case the district court found that issue preclusion should not apply because it determined that the state court judge in the prior action did not intend to It concluded that the judgment was limited to the instant case and should not apply to other parties or villa owners. But in doing so the district court didn't rely on the judgment itself. But if we look at the underlying state court judgment it demonstrates that it's clear as to the issues that were litigated and decided and it was a final judgment on the merits of those issues. So as is pertinent to this appeal only, the language of the amended judgment itself and I'm looking at volume two of the excerpts of record at pages 243 and 244 states the unit maintenance and operation agreement is a valid contract and remains in effect. The party shall abide by the following rules with respect to that UMA. And then the state court went on in the judgment to specifically enumerate the issues that it decided as regards the rights and As ordered in that judgment, appellees are required under the UMA to give owners guests full access to all amenities at the resort without additional payments. If I understand your position correctly it's just that we simply regard all of the very clear statements from the September 28th hearing is that right? Those September 28th hearings are on the judgment and I think that this court needs to look at the judgment and to understand why the court made those statements in the hearing. The issues that were before it, the parties that were before it were much broader than the issues that were brought to the district court. As the state court noted there was an extensive trial there were many issues that were litigated and it was those issues that the court was trying to incorporate into a final judgment and so then when we look at the final judgment we see what the They may not charge a resort fee. Appellees must provide... I think that my question was really a simpler one and that was do we disregard the statements in the September 28th hearing? Specifically I do not view these as a specific interpretation of the UMA and also it should not be read as this is somehow applicable to everybody else. So do we disregard that? That's a yes or no maybe you have an explanation but it seems that the initial question calls for a yes or no. No we do not need to disregard it but the explanation is that I believe that Judge Moss was making that statement again because he had experienced what he called a very unique trial and finding. There was a lot of complicated issues before him. There was extensive litigation between the parties about the contractual issues. He was concerned about making factually intensive rulings but as regards the issues that were before the district court the facts were the same the legal rulings would be as well. He basically stated and this is in the September 28th hearing he wanted to create a path to stop litigation for these parties going forward and that's what he did by basically finding... What do you do with the the Superior Court judge's statement that I think he was asked the question he said directly I'm not interpreting any agreement and I think he's you know and then the next question was well what are you doing where do you get your authorities as well I am acting you know this is just an equitable decision. And the equitable decision justice is one that he incorporated into his judgment with respect to the UMA. So what he wasn't doing was he couldn't find that either party had breached the UMA. However he understood that there were rights and obligations that existed under that contract. In fact if you look at his judgment he says expressly the UMA is a valid contract and remains in effect and the party shall abide by the following rules with respect to the UMA. And again that's in the record at volume 2 page 244. So despite that he made those statements he went on to understand and note that these are the things that he could incorporate into his judgment these are the issues that were determined despite that there was no determination that either party had breached the contract first and which was the prevailing party for that issue. Ms. Fritz did Judge Moss in the state court not essentially conclude that both parties had breached the rental management agreement the RMA? I believe that he did your honor and that issue was not something that we brought before the district court or that I believe is before this court. The initial action before Judge Moss in the state court involved unit 6509 correct? That is correct. And that was subject to both the RMA the rental management agreement as well as the unit maintenance agreement correct? That is correct and the findings in his judgment as regards that unit that are at issue in before the district court were under the UMA. The judgment specifically called out that these were decisions of issues that were made pursuant to the party's agreement that was a valid contract. But in terms of the limitations which Judge McEwen and Judge DeShima have just noted and the language of Judge Moss he really just specifically addressed the fact that there had been a breach just as to the RMA by both sides the rental management agreement he didn't determine any breaches to the unit management agreement correct? That is correct and in fact he said it remained a valid contract and that that was the agreement under which he was articulating the rules of that would bind the obligations and rights of the parties. And the district court was asked to determine the exact same rights and obligations. So before the district court appellants asked are the appellees required under the UMA to give guests of the owner full access to all amenities without any additional payments? The prior court judgment said yes on this precise issue. May appellees charge owners gas a resort fee under the UMA? The prior court judgment said no on this precise issue. And must appellees provide cleaning for the owner? And the prior court judgment said yes for an extra fee on this precise issue. But now let me let me go back again to what was decided and not decided. Here what you've just laid out is I think your statement that the state court interpreted the UMA to grant these amenities that you were just stating. But then the district court here said that the UMA does not provide access to these amenities. And my understanding is you did not appeal that ruling is that correct? The ruling that was appealed related to the district courts determination that the rights and obligations were not did not arise as between these parties. The court in the judgment... Let's go back again if you'll just answer the first question and then if you have further explanation I'll understand that. But there is an underlying statement by the district court that the UMA was not applicable to these particular amenities. That determination by the district court is not part of this appeal is that correct? The appeal right the appeal relates to the determination issue preclusion. The issue preclusion and that determination by the district court yes apologies I misunderstood your initial question your honor. Thank you. Picking up on that if I can Miss Fritz the the second unit unit 6550 specifically there are different facts there as to that unit because in that as to that unit there was specifically opting out of the rental management agreement correct? Yes your honor but that was not at all pertinent to the reason for the judgment. Again... Well let me just so I can follow I don't mean to interrupt just let me I'm gonna finish off with my question. So whereas the in the prior action we were it was addressing unit 6509 and both the RMA and the UMA and in the in the latter case as to unit 6550 the district court declined to apply issue preclusion because it was only related to the unit that as to which it was only subject to a UMA it wasn't subject to the RMA correct? That is correct your honor but the rights and obligations that issue arise under the UMA which is mandatory for all owners of condo tell units within the resort. It's not something you can opt out of so every owner is subject to the UMA whereas some owners have opted out of the RMA. And again it brings us back to the issue of the owners of the same issue the same interest both in the prior state court action and the proceeding before the district court. It's the interest of those owners of the resort villas to determination of their rights in into their real property units at the resort. Both units 6509 and 6550 had the same right of property and an identity of interest with appellant. They wanted to ensure that their guests had access to amenities. The beneficial owner of both of these entities is the same individual that was the beneficial interest holder of the owner in the prior state court action. And the judgment governs the rights and obligations relating to 6509 6550 and any other units at the resort that are subject to the UMA and where the issues are the same which is appellees have refused to give rights of access to amenities without additional fees and because of that issue preclusion apprised. The last issue I want to get to note that it's four and a half minutes but your choice. Yes thank you. I want to mention public policy very quickly. I think this court can and should determine that the application of issue preclusion will advance the public policy and the issues that underlie that doctrine specifically promoting judicial economy preventing inconsistent judgments and to prevent a person from being harassed by vexatious litigation. So here appellant shares that identity of interest and a representative with the owner of the villa in the prior state court action. The subject matter of the disputes in both instances is the UMA and the access to amenities and fees. Issue preclusion is proper. If appellant were to file a separate state court action against appellees related to unit 6550 under the UMA the same entities of appellee would be before the court. The same representative on behalf of appellant would be before the court. The same facts would be alleged regarding appellee's failure to provide access and charging fees. The same legal claims would be made. The same law would be cited as in the prior state court action in which the judgment at issue was entered. And requiring appellant to litigate these same facts and issues again against the same opponent can only be described as vexatious. So public policies advance by minimizing that repetitive litigation that could have these reasons and set forth in the briefing here today. Appellant asserts that the district court should have granted appellant's motion for partial summary judgment and denied appellee's motion for summary judgment as to the first claim for relief under issue preclusion. So thank you. Thank you. Mr. Habla. Pleasure to the court. Good morning your honors. I'd like to go back to the decision of Judge Moss in the Superior Court. First I want to point out that in that state court claim the appellant here did not make a claim in their pleadings that the UMA required access to amenities. They mention amenities in their factual predicates in their cross-complaint and they suggest that it might be a violation of what's called the Covenants, Conditions, and Restrictions, which is a separate document, but in their allegations and their causes of action they don't even mention this claim that they're making here today. If we go back and look at the September 28, 2018 hearing they made this identical argument that they're making before you in front of Judge Moss and I refer the panel to the record 3 ER 0447 where Mr. Ferguson representing Mr. Erskine and the owner of 6509 said well wait a minute what about these bullet points under the judgment so and I'm quoting so it had seemed to us that these bullet points actually were a representation about what the UMA requires and the court clearly rejects that and says no this is my interpretation and as the court pointed out a minute ago the court quite clearly says I do not view these as a specific interpretation of the UMA. So they don't meet the elements they really want you to they want to suggest what the intent of Judge Moss's judgment is without letting you look at his statements where he explains what his intent is. In their brief they go on about contract construction and construction of judgments and they're suggesting to you that you put on blinders and only look at the four and I would say to that well first of all the judgment doesn't say what they say it does have these bullet points but the judge's judgments not clear at all that he's interpreting the UMA he's just giving instructions on how to comply on going forward between these two units only he made clear that it was just between these two units but the law in this area of collateral scoffles clear we cite the Hernandez case which is a California Supreme Court case we cite the Stein case which is a Ninth Circuit case and other cases in our brief you clearly look at the entire record of the underlying proceeding to see what the intent of that court was and whether the issue was pled and whether it was tried and whether there was a judicial determination and I simply just don't know how the appellants in this case get around judge Moss's clear expression that he was not interpreting he was not saying that amenities are required to be provided under the UMA and he was limiting it in equity to only these two parties. Mr. Hoblett in fact it did not the party in interest below actually request a ruling that access to amenities is actually contemplated under the UMA itself and the judge Moss rejected that argument and declined to so rule is doesn't that is that not in the record. That is in the record your honor and then they get this decision and seven months later the principal behind this 6519 goes out and buys 6550 which by the way that was owned by a party who was originally a party to the judge Moss's suit and was dismissed before the bench trial and then they to me manufacture attempt to manufacture privity so that they can then later somehow claim that this ruling this judgment by judge Moss applies to 6550 and it simply doesn't and judge Battaglia as judge McEwen pointed out ruled in the summary judgment that there was no breach of requirement that amenities be provided to these villa owners and you can look at the UMA and see that it doesn't and they didn't appeal that so they've created this not that there would be conflicting you know being direct conflict if you somehow said that collateral estoppel applies but it simply doesn't so I'm at a can come before the court and I respect them but how they can say that that somehow judge Moss intended for this to apply on a go-forward basis and to other units and that he was interpreting you make one clearly said he wasn't there any further questions you have your time for rebuttal then thank you your honor I just want to come back and state you know I think that there were a few misrepresentations there I think the judgment is is clear as to what it says and as relates to the issues that were brought before the district court the issues were pled in the underlying case the issues were tried in the underlying case and judge Moss incorporated them into his judgment in the underlying case and so we're not disregarding and I haven't suggested we disregard what he said at the hearing but as explained when you question you previously I think that he explained why he was stating the judgment the way that he did he was not addressing the issue of the RMA in that section that we are we have appealed he is not addressing the actual breach of the UMA rather he laid out specifically this is what I can decide these are the rights and obligations of the parties the parties are Villa owners and the resort owner well miss rich did not if I don't mean interrupt you but the record seems abundantly clear that during I believe your predecessors Mr. Ferguson in terms of arguing correct and during that hearing there was a specific request that access to amenities is actually contemplated under the UMA itself and that is actually a function of the contract and judge Moss rejected that and informed counsel your prior counsel that it would have to be an appeal to the state appellate court for such a ruling that that was simply not his around that very specific not just the language of the state court judgment but but judge Moss specifically addressing the very issue you've raised here this morning and and specifically declined to rule in that fashion so I don't know how you can then say it's that these issues are identical and that there is issue preclusion I think you need to reconcile them the judge said that at the hearing and then wrote his judgment which actually states very meant by that statement so we have it we can't look at them in a vacuum we look at them together he made that statement and then he subsequently wrote not only the statement of decision which has these exact same statement but the judgment itself so regardless of what he said at the hearing he then determined that the way to advance forward the interest of these parties after hearing everything he did was to make this precise statement that he said in the judgment that the UMA remained in effect that the rights and the obligations of parties under the UMA is as follows and then he enumerated those in his judgment and I don't think we can just look at one what you're asking the you know what my opposition is asking the court to do is to only look at the statement on the record we're saying to look at the judgment and understand that that judgment was informed by everything that happened before it but that that was the judge's final decision on the matter and what it chose to set what that court chose to say we believe that the judge chose to say that these are the enumerated rights or obligations of the parties and we believe that those rights and obligations are issues that were before the district court and as a result of the clear privity that exists between the parties issue preclusion does apply. Thank you. Thank you. Thank you. I thank both parties for your argument this morning the case just argued Teton Global Investments versus LC Investment is submitted and we're adjourned for this portion of the session. This court for this session stands adjourned.
judges: TASHIMA, McKEOWN, Bennett